# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Ricardo Calderon Salvador and Gabriela Sandra Salvador | **Case No :** 08−91242 − A − 13 G | |
| | | **Date :** 9/29/08 | |
| | | **Time :** 02:00 | |

**Matter :**  [13] − Motion/Application to Value Collateral of Homecomings Financial [FW−1] Filed by Joint Debtor Gabriela Sandra Salvador, Debtor Ricardo Calderon Salvador (sbam)    UNOPPOSED

**Judge :** Michael S. McManus
**Courtroom Deputy :** Sarah Head/Carlene Walker
**Reporter :** NOT RECORDED
**Department :** A

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
None

MOTION was :
Granted
See final ruling below.

Final Ruling: This valuation motion has been set for hearing on the notice required by Local Bankruptcy Rule 9014−1(f)(1). The failure of the trustee and the respondent creditor to file written opposition at least 14 days prior to the hearing as required by Local Bankruptcy Rule 9014−1(f)(1)(ii) is considered as consent to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Boone v. Burk (In re Eliapo), 468 F.3d 592 (9th Cir. 2006). Therefore, the defaults of the trustee and the respondent creditor are entered and the matter will be resolved without oral argument.

The motion will be granted.

The debtor seeks to value the debtor's residence at a fair market value of $430,000 as of the date the petition was filed. It is encumbered by a first deed of trust held by Aurora Loan Services. The first deed of trust secures a loan with a balance of approximately $535,816 as of the petition date. Therefore, Homecomings' second claim secured by junior deed of trust is completely under−collateralized. No portion of this claim will be allowed as a secured claim. See 11 U.S.C. § 506(a).

Any assertion that the respondent's claim cannot be modified because it is secured only by a security interest in real property that is the debtor's principal residence is disposed of by In re Zimmer, 313 F.3d 1220 (9th Cir. 2002) and In re Lam, 211 B.R. 36 (B.A.P. 9th Cir. 1997). See also In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Tanner, 217 F.3d 1357 (11th Cir. 2000); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606, 611−13 (3rd Cir. 2000); and Domestic Bank v. Mann (In re Mann), 249 B.R. 831, 840 (B.A.P. 1st Cir. 2000).

Because the claim is completely under−secured, no interest need be paid on the claim except to the extent otherwise required by 11 U.S.C. § 1325(a)(4). If the secured claim is $0, because the value of the respondent's collateral is $0, no interest need be paid pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii).

Any argument that the plan, by valuing the respondent's security and providing the above treatment, violates In re Hobdy, 130 B.R. 318 (B.A.P. 9th Cir. 1991), will be overruled. The plan is not an objection to the respondent's proof of claim pursuant to Fed. R. Bankr. P. 3007 and 11 U.S.C. § 502. The plan makes provision for the treatment of the claim and all other claims, and a separate valuation motion has been filed and served as permitted by Fed. R. Bankr. P. 3012 and 11 U.S.C. § 506(a). The plan was served by the trustee on all creditors, and the motion to value collateral was served by the debtor with a notice that the collateral for the respondent's claim would be valued. That motion is supported by a declaration of the debtor as to the value of the real property. There is nothing about the process for considering the valuation motion which amounts to a denial of due process.

To the extent the respondent objects to valuation of its collateral in a contested matter rather than an adversary proceeding, the objection is overruled. Valuations pursuant to 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012 are contested matters and do not require the filing of an adversary proceeding. Further, even if considered in the nature of a claim objection, an adversary proceeding is not required. Fed. R. Bankr. P. 3007. It is only when such a motion or objection is joined with a request to determine the extent, validity or priority of a security interest, or a request to avoid a lien that an adversary proceeding is required. Fed. R. Bankr. P. 7001(2). The court is not determining the validity of a claim or avoiding a lien or security interest. The respondent's deed of trust will remain of record until the plan is completed. This is required by 11 U.S.C. § 1325(a)(5)(B)(I). Once the plan is completed, if the respondent will not reconvey its deed of trust, the court will entertain an adversary proceeding. See also 11 U.S.C. § 1325(a)(5)(B)(I).

In the meantime, the court is merely valuing the respondent's collateral. Rule 3012 specifies that this is done by motion. Rule 3012 motions can be filed and heard any time during the case. It is particularly appropriate that such motions be heard in connection with the confirmation of a plan. The value of collateral will set the upper bounds of the amount of the secured claim. 11 U.S.C. § 506(a). Knowing the amount and character of claims is vital to assessing the feasibility of a plan, 11 U.S.C. § 1325(a)(6), and determining whether the treatment accorded to secured claims complies with 11 U.S.C. § 1325(a)(5).

To the extent the creditor objects to the debtor's opinion of value, that objection is also overruled. According to the debtor, the residence has a fair market value of $430,000. Evidence in the form of the debtor's declaration supports the valuation motion. The debtor may testify regarding the value of property owned by the debtor. Fed. R. Evid. 701; So. Central Livestock Dealers, Inc., v. Security State Bank, 614 F.2d 1056, 1061 (5th Cir. 1980).